IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| PFLAG, Inc., et al.,<br><br>     Plaintiff-Appellees,<br><br>     v.<br><br>TRUMP, in his official capacity as President of the United States, et al.,<br><br>     Defendant-Appellants. | No. 25-1279 |

## UNOPPOSED MOTION TO HOLD
## BRIEFING SCHEDULE IN ABEYANCE

The government respectfully requests that the Court pause briefing in this appeal until after the Supreme Court's decision in *United States v. Skrmetti*, No. 23-477 (S. Ct.), which is likely to affect this Court's resolution of the claims in this appeal. The government requests that its opening brief be due 28 days after a decision in *Skrmetti*, followed by plaintiffs' response brief 30 days after that, and the government's reply 14 days later. Plaintiffs do not object to the relief requested in this motion.

     1.    This appeal arises from two Executive Orders. Executive Order 14,168, 90 Fed. Reg. 8615 (Jan. 20, 2025), entitled "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal

Government," states in relevant part that "each agency shall assess grant conditions and grantee preferences and ensure grant funds do not promote gender ideology," "consistent with applicable law." *Id.* §§ 3(g), 8(b). Executive Order 14,187, 90 Fed. Reg. 8771, entitled "Protecting Children from Chemical and Surgical Mutilation," directs agencies that provide research or educational grants to medical institutions to, "consistent with applicable law and in coordination with the Director of the Office of Management and Budget, immediately take appropriate steps to ensure that institutions receiving Federal research or education grants end the chemical and surgical mutilation of children," which the Order defines to include use of several procedures used to address gender dysphoria in children and adolescents. *Id.* § 4.

Plaintiffs brought claims alleging, among other things, that the Executive Orders discriminate based on sex or an individual's transgender status in violation of the Fifth Amendment's equal protection component. The district court granted a preliminary injunction restricting enforcement of several sections of the Executive Orders in certain ways, based in part on plaintiffs' equal protection challenge.

2

The government appealed, and this Court issued a briefing schedule under which the government's opening brief is due May 19, 2025.

2. The Supreme Court is currently considering the question whether certain restrictions on procedures used to address gender dysphoria in minors constitute discrimination based on sex or an individual's transgender status in violation of the Equal Protection Clause of the Fourteenth Amendment. *See United States v. Skrmetti*, No. 23-477 (S. Ct.). That case concerns challenges brought by private parties, later supported by the United States as intervenor, against certain restrictions adopted by the State of Tennessee on procedures used to address gender dysphoria in minors. The Supreme Court received full briefing and heard argument on December 4, 2024. On February 7, 2025, the United States filed a letter explaining that it had "reconsidered [its] position" and concluded that the relevant restrictions "do[] not deny equal protection on account of sex or any other characteristic," but urging the Court to "resolve the question presented." Letter of Petitioner at 1, *Skrmetti, supra* (Feb. 7, 2025).

3. This Court should pause briefing in this appeal pending the Supreme Court's decision in *Skrmetti, supra*. A decision regarding the equal protection principles applicable to restrictions on procedures used to address

3

gender dysphoria in minors is likely to bear on the resolution of this appeal. Pausing the briefing in this appeal until after resolution of *Skrmetti* would thus conserve the resources of this Court and the parties and avoid the potential need for supplemental briefing regarding *Skrmetti*. Moreover, because the Supreme Court's term will end next month, any delay in briefing will be minimal and the ultimate resolution of this appeal will not be delayed much, if at all.

4. Accordingly, the government respectfully requests that the Court pause briefing in this appeal until after the Supreme Court's decision in *Skrmetti* and requests that the government's opening brief be due 28 days after that decision, followed by plaintiffs' response brief 30 days later, and the government's reply within 14 days thereafter.

5. Plaintiffs' counsel has indicated that plaintiffs do not object to the relief requested in this motion.

## CONCLUSION

For the foregoing reasons, the Court should pause briefing in this appeal until after the Supreme Court's forthcoming decision in *Skrmetti*, with the government's opening brief due 28 days after that decision, a response brief due 30 days after that, and a reply due within 14 days thereafter.

    Respectfully submitted,

    GERARD SINZDAK
     s/ *Joshua Dos Santos*
    JOSHUA DOS SANTOS
     (202) 305-1754
    Attorneys
    Civil Division, Appellate Staff
    U.S. Department of Justice
    950 Pennsylvania Ave., N.W.
    Rm. 7242
    Washington, D.C. 20530

MAY 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point CenturyExpd BT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 694 words, according to the count of Microsoft Word.

                                                     s/ *Joshua Dos Santos*
                                                JOSHUA DOS SANTOS

# CERTIFICATE OF SERVICE

I certify that on May 8, 2025, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate ACMS system. I also hereby certify that the participants in the case are registered ACMS users and will be served via the ACMS system.

s/ *Joshua Dos Santos*
JOSHUA DOS SANTOS
