IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| PFLAG, INC., et al.,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants-Appellants. | No. 25-1279 |

# MOTION TO RESUME BRIEFING SCHEDULE AND TO SCHEDULE ORAL ARGUMENT

Defendants-Appellants respectfully request the Court to resume the briefing schedule in this case by setting their reply brief deadline to April 2, 2026 and to schedule oral argument during the Court's May 5-8 sitting.  Plaintiffs-Appellees oppose this motion.

1. This is an appeal from a universal preliminary injunction issued on March 4, 2025.  Pursuant to this Court's original briefing schedule, ECF 17, Defendants-Appellants filed their opening brief on July 25, 2025, ECF 33.  Plaintiffs-Appellees filed their corrected response brief on September 22, 2025.  ECF 58.

2. On October 1, 2025, this Court stayed the briefing schedule in

light of the lapse of appropriations to the Department of Justice.  ECF 78.  During the lapse, this Court tentatively calendared the case for oral argument during the Court's January 2026 sitting, ECF 82, and after appropriations were restored, the Court ordered the reply brief to be filed on December 8, 2025, ECF 101.  On November 21, however, the Court *sua sponte* placed this appeal "in abeyance pending a decision by this court in *Anderson v. Crouch*, No. 22-1927."  ECF 111.

3. On March 10, 2026, this Court issued its decision in *Anderson v. Crouch*, No. 22-1927.  *See Anderson v. Crouch*, 2026 WL 667919, --- F.4th --- (4th Cir. Mar. 10, 2026).

4. Defendants-Appellants respectfully ask this Court to resume the briefing schedule in this case, and further request that the Court set the reply brief deadline for April 2, 2026.

5. Defendants-Appellants also respectfully ask the Court to schedule oral argument in this case during the Court's sitting in Richmond, Virginia from May 5-8, 2026.  This appeal has been pending for 250 days since the filing of the government's opening brief, and almost a year since the notice of appeal was filed.  But for the delay occasioned by the abeyance pending this Court's decision in *Crouch*, this

2

case would have been argued in January of 2026, during the Court's present term. That term concludes with the May 2026 sitting, and the Court's next regularly scheduled sitting would not occur until September 2026—over a year after the filing of the government's opening brief, and nearly 18 months after the filing of the notice of appeal. A further delay of that length would not be appropriate in a preliminary injunction appeal. *See* 28 U.S.C. § 1657(a) (providing that courts "shall expedite the consideration of … any action for temporary or preliminary injunctive relief").

Finally, we note that the reply brief deadline proposed above would ensure that the case is fully briefed over a month before the beginning of the May sitting. However, if necessary to ensure an argument in the May sitting, the government will file its reply brief on a more abbreviated schedule if ordered by the Court.

6. We have consulted with opposing counsel, and they have indicated that they oppose this motion. Based on our communications with opposing counsel, we understand that they may request an opportunity to file a supplemental brief addressing intervening precedent since the filing of their response brief. The government has

3

no objection to Plaintiffs-Appellees filing a supplemental brief addressing those intervening decisions, whether before or after submission of the government's reply brief, so long as the schedule for doing so does not preclude a May argument.

Opposing counsel has further indicated that they believe it would not be appropriate to resume briefing here because the plaintiffs in *Crouch* intend to file a rehearing petition. That petition has not yet been filed, and may not be until March 24. The petition may then take weeks or months for this Court to act upon, further delaying this already long-pending preliminary injunction appeal. A further extended delay in resolution of this appeal is not warranted. Even assuming a rehearing petition is filed in *Crouch*, "few" such petitions "are granted," 4th Cir. Local R. 40(a), and that prospect does not warrant further delay here. Moreover, even if a rehearing petition were granted in *Crouch*, ensuring that this case is fully briefed and argued will aid in its expeditious resolution in any event.

That is particularly true because the appeal here includes not only issues touched on by *Crouch* but also other matters, including a universal injunction that is plainly improper after *Trump v. CASA, Inc.*,

4

606 U.S. 831, 837 (2025) (granting stays because "universal injunctions [] likely exceed the equitable authority that Congress has granted to federal courts" (quotation marks omitted)). In consulting with Plaintiffs-Appellees, the government asked if they would consent to a stay of the preliminary injunction as it extends beyond the plaintiffs here. *See CASA*, 606 U.S. at 851 ("The equitable tradition has long embraced the rule that courts generally may administer complete relief between the parties.") (quotation and emphasis omitted)); Opening Br. 58-64. Such a stay would reduce the harm from continued delay in resolution of this appeal. But Plaintiffs-Appellees have stated that they will not consent to any such stay.

    7. Given the long delay in resolution of this preliminary injunction appeal, the scope of issues presented, and the potential delay from a continued abeyance, the government respectfully requests that the Court resume briefing in this appeal, set the government's reply brief deadline as April 2, and set the case for argument in the May 2026 sitting.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC D. MCARTHUR
Deputy Assistant Attorney General

BRAD HINSHELWOOD

*/s/ Andrew Shi*
ANDREW SHI
*Attorneys, Appellate Staff*
 *Civil Division, Room 7214*
 *U.S. Department of Justice*
 *950 Pennsylvania Avenue NW*
 *Washington, DC 20530*
 (202) 598-7722
 Andrew.Shi@usdoj.gov

March 16, 2026

6

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(2)(a) as it contains 872 words. I certify that the motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) as it is prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

*/s/ Andrew Shi*
ANDREW SHI
