# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PFLAG, INC., *et al.*

       *Plaintiffs-Appellees*,

    v.

DONALD J. TRUMP, in his official
capacity as President of the United States,
*et al.*,

       *Defendants-Appellants*.

No. 25-1279

## PLAINTIFFS-APPELLEES' RESPONSE IN OPPOSITON TO MOTION TO SCHEDULE ORAL ARGUMENT AND MOTION TO RESUME BRIEFING

Defendants-Appellants have filed a motion to immediately resume briefing—and schedule argument in early May—now that the panel has issued its ruling in *Anderson v. Crouch*, No. 22-1927. But the *Anderson* Plaintiffs intend to seek rehearing en banc of the panel's decision. This Court should deny Defendants' motion as premature and should instead direct the parties to submit proposals for supplemental briefing after the en banc petition in *Anderson* is resolved.

## BACKGROUND

On March 4, 2025, the District Court entered a preliminary injunction prohibiting the Agency Defendants "from conditioning, withholding, or terminating federal funding under Section 3(g) of Executive Order No. 14,168 and Section 4 of

Executive Order No. 14,187, based on the fact that a healthcare entity or health professional provides gender-affirming medical care to a patient under the age of nineteen." JA988-989. In issuing the preliminary injunction, the District Court found that Plaintiffs were likely to succeed on their claims that the Executive Orders violated multiple constitutional guarantees, as well as Section 1557 of the Affordable Care Act. JA949-978. Defendants took an appeal from that order, *see* JA990, but did not seek a stay pending appeal from this Court. The District Court also granted a joint motion to stay proceedings in that court pending the outcome of the preliminary-injunction appeal. JA40-41.[1]

This Court entered an initial briefing order with Defendants' opening brief due on May 19, 2025, Dkt. 17, but Defendants filed (and this Court granted) an unopposed motion to place this case in abeyance pending the Supreme Court's decision in *United States v. Skrmetti*. Dkts. 22, 23.

The Supreme Court issued its decision in *Skrmetti* on June 18, 2025. *See U.S. v. Skrmetti*, 605 U.S. 495 (2025); Dkt. 30. This Court entered a briefing schedule, but following submission of the opening and response briefs, Defendants asked this

---

[1] Long after their appeal was docketed—and after they filed their opening brief in this Court—Defendants filed a motion in the District Court to stay the preliminary injunction pending appeal. *See* Dist. Ct. Dkt. 151, 155, 156. They did so notwithstanding that Plaintiffs had agreed to a partial stay of District Court proceedings based on Defendants' representation that they would *not* seek to stay the preliminary injunction. *See* Dist. Ct. Dkt. 155 at 4. Defendants' motion remains pending.

Court to suspend the schedule due to the lapse in appropriations for the federal government. Dkt. 77, 78.

On November 21, 2025, the Court placed this appeal in abeyance pending a decision by this court in *Anderson v. Crouch*, No. 22-1927. Dkt. 111. The panel's decision was issued on March 10, and the deadline for filing a petition for rehearing is March 24.

The plaintiffs in *Anderson* and Plaintiffs in this case are both represented by co-counsel Lambda Legal Defense and Education Fund, Inc. Through this filing, Lambda Legal represents to the Court that the *Anderson* plaintiffs intend to file a petition for rehearing en banc by the March 24 deadline.

## ARGUMENT

This Court should deny Defendants' premature motion to immediately reinstate the briefing schedule and schedule oral argument in May for at least three reasons.

1.    First, when it placed this case in abeyance pending the outcome in *Anderson*, this Court recognized that principles of fairness and economy would be best served by allowing the parties to brief and argue this appeal based on whatever precedent is set by the *Anderson* decision. This Court previously granted en banc review in *Anderson* and may well do so again. Ordering briefing to resume

immediately and holding argument in May would undermine all the considerations that prompted the Court to hold the case in abeyance.

2.     Second, once this appeal is taken out of abeyance, both parties should have an opportunity to fully brief *Anderson*'s effects on this case, as well as the effects of other intervening precedent that may be relevant to the justiciability of Plaintiffs' separation-of-powers claim. *See*, *e.g.*, *Sustainability Inst. v. Trump*, 165 F.4th 817 (4th Cir. 2026); *Sols. in Hometown Connections v. Noem*, 165 F.4th 835, 845 (4th Cir. 2026). Among other things, supplemental briefing can address whether and to what extent *ultra vires* cases involving claims brought by grant *recipients*— whose financial injuries may ripen when grants are terminated—are distinguishable from claims brought by PFLAG and individual patients who are harmed by hospitals preemptively shutting down care to prevent termination from ever happening. Indeed, in parallel Ninth Circuit litigation challenging the same provisions of the same Executive Orders, the government filed a notice of supplemental authority related to *Sustainability Institute*, and the Ninth Circuit ordered supplemental briefing in response. *See State of Washington v. Trump*, No. 25-1922, ECF 70, 74 (9th Cir.).

3.     Third, the government's sudden desire to have this case argued during this Court's May 2026 sitting (for which the calendar has already been posted) is not a valid reason to resume briefing now or to artificially abbreviate the time necessary

4

for supplemental briefing. Defendants complain that this appeal has been pending for a year, but Defendants chose not to seek a stay from this Court when they filed their notice of appeal; they asked this Court to hold the case in abeyance for several months while the Supreme Court resolved *Skrmetti*; and they asked the Court to pause the briefing due to a lapse in federal appropriations instead of requesting an order authorizing continued litigation during their shutdown.

Defendants also take the opportunity in their motion to argue the merits some more, contending that the scope of the District Court's injunction is too broad in light of *Trump v. CASA*, 606 U.S. 831 (2025), but Plaintiffs have already explained that the injunction remains necessary to provide them with complete relief. Pls.' Br. 55-59.

## CONCLUSION

Defendants' newfound desire to accelerate this appeal does not provide a basis for immediately resuming briefing and scheduling argument in six weeks—all without final resolution of *Anderson* or an appropriate opportunity to brief that decision and other caselaw developments. For these reasons, Defendants' motion to immediately resume briefing and schedule oral argument during the May 2026 sitting should be denied.

Dated:  March 18, 2026                          Respectfully submitted,

                                                 */s/ Joshua Block*

Omar Gonzalez-Pagan
LAMBDA LEGAL DEFENSE
  AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: (212) 809-8585
Facsimile:  (855) 535-2236
ogonzalez-pagan@lambdalegal.org

Karen L. Loewy
LAMBDA LEGAL DEFENSE
  AND EDUCATION FUND, INC.
815 16th Street NW, Suite 4140
Washington, DC 20006
Telephone: (202) 804-6245
Facsimile:  (855) 535-2236
kloewy@lambdalegal.org

Nora Huppert
LAMBDA LEGAL DEFENSE
  AND EDUCATION FUND, INC.
65 E. Wacker Place, Suite 2000
Chicago, IL 60601
Telephone: (312) 663-4413
Facsimile:  (855) 535-2236
nhuppert@lambdalegal.org

Jackson B. Skeen
HOGAN LOVELLS US LLP
125 High Street
Suite 2010
Boston, MA 02110
Telephone: (617) 702-7747
Facsimile:  (617) 371-1037
jackson.skeen@hoganlovells.com

Joshua Block
Harper Seldin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, Floor 18
New York, NY 10004
Telephone: (212) 549-2500
Facsimile:  (212) 549-2650
jblock@aclu.org
hseldin@aclu.org

Deborah A. Jeon
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MARYLAND
3600 Clipper Mill Road, Suite 200
Baltimore, MD 21211
Telephone: (410) 889-8555
Facsimile:  (410) 366-7838
jeon@aclu-md.org

Catherine E. Stetson
Danielle Desaulniers Stempel
Sam H. Zwingli
HOGAN LOVELLS US LLP
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5491
Facsimile:  (202) 637-5910
cate.stetson@hoganlovells.com
danielle.stempel@hoganlovells.com
sam.zwingli@hoganlovells.com

*Attorneys for Plaintiffs-Appellees*

**CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in Times New Roman 14-point font using Microsoft Word 2010.  I further certify that it complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,012 words.

March 18, 2026                    */s/ Joshua Block*

Joshua Block

**CERTIFICATE OF SERVICE**

I certify that on March 18, 2026, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

March 18, 2026

*/s/ Joshua Block*
Joshua Block